THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES PERAINO, Defendant.

Court of General Sessions of the County of New York, July 8, 1943.

*Arthur N. Field* for defendant.

*Frank S. Hogan, District Attorney (Herbert K. Lippman* of counsel), for plaintiff.

WALLACE, J. The defendant herein has applied for an order permitting him to return to this court for resentence. He was indicted jointly with three others on February 20, 1934, charged with the crime of robbery in its first degree. On March 7, 1934, this defendant pleaded guilty to the crime of an attempt to commit robbery in its third degree. An information was filed against him, and on March 19, 1934, he admitted that he had theretofore been convicted of the crime of robbery in its first degree and had served a sentence in Elmira Reformatory.

On the day of sentence the court held a hearing and examined a number of witnesses to determine whether or not this defendant had a gun. The evidence adduced on that hearing indicated that the defendant and his accomplices were all guilty of either robbery in the first degree or attempted robbery in the first degree.

This robbery or attempted robbery took place in a poolroom in which there were a number of people. The victims were all lined up against the wall and told to face it. They unquestionably had varied opportunities for seeing what was going on. Two of the eyewitnesses present, however, said that the defendant was armed, and the court so found. The fact that the court did not permit extensive cross-examination is immaterial. The finding was made by the court on legal evidence. The additional sentence, therefore, was properly imposed. Nor can the fact that the defendant was permitted to plead guilty to attempted robbery in its third degree when he was actually guilty of robbery in its first degree or attempted robbery in its first degree in any way control. The plea thus taken does not indicate the actual crime committed. Reduced pleas were taken at that time, and are sometimes taken now. This practice has maintained since time immemorial. The interposition of this plea, therefore, did not prevent the court from finding that this defendant was armed at the time he committed his crime. The defendant, in fact, was shown extraordinary consideration when he was permitted to plead to attempted robbery in its third degree, and

the court, when it took this plea, undoubtedly had in mind its power to give him an additional sentence if it found that he had a gun while he was engaged in the crime he committed. Moreover, there is no power in this court at the present time to review the discretion of the Judge who acted on legal evidence and within the limits of his jurisdiction.

The defendant's application is denied.